Mr. Justice MacArthur
stated the case, and delivered the opinion of the court:
This action was brought by the plaintiff to recover damages occasioned by the negligence of the defendant in permitting the street or common highway at the intersection of K street north and Fifth street west, in the city of Washington, to remain out of repair and be in a dangerous condition, whereby the plaintiff was greatly injured.
From the testimony at the trial it appears that the plaintiff was a hackman, was driving his carriage, in which were two passengers, along K street, and when he came to the intersection of Fifth street his horses and hack fell into a ditch which he did not see, and he was thrown from his seat upon *627 the front wheel, injuring himself and his horses and harness. This occurred on the evening of the 16th of August, 1873, and there were no signals to warn persons driving along there with carriages of any danger in passing. And it further appeared that the ditch where the accident occurred had been dug by the defendant for the purpose of laying a gas-main, and it had been filled again to the surface of the street and the work completed on the 7th day of the same month of August. That afterward heavy rains occurred, and on the 15th the trench, which had sunk somewhat, was again filled up to the surface so as to conform to the grade of the street, and that the work was done by the agents of the defendant to the satisfaction of the superintendent of the streets; that the night before the accident occurred there was a heavy rain, so that the surface of the trench again sunk, and the plaintiff traveling thereon the said 16th of August, between 7 and 8 o’clock in the evening, with his hack, drove into said trench and received the injuries for which he claims damages.
After the evidence was closed, the counsel for defendant requested the court, among other things, to instruct thejury, in substance, that if the defendant had completed the laying of the gas-main, and filled up the trench, under the direction and to the satisfaction of the superintendent of streets, and had given up all control of said street to the contractor who was then working upon it, they must find for the defendant. The court refused so to instruct the jury, and the defendant excepted. It is contended that this refusal was erroneous, for the reason that the ordinance of the late corporation of Washington of June 2,1853, provides that the earth displaced for laying gas-pipes in the streets shall be properly rammed, and the pavement adjusted to the satisfaction of the commissioners of the respective wards wherein such pipes are laid, and the streets, avenues, and pavements returned to the same state as previous to being opened; and for the further reason that the regulations of the board of public works require the superintendent of streets to see that trenches opened in the streets are thoroughly puddled so that the whole filling may be thoroughly wet. Now, the defendant’s counsel say that, by a true construction of these *628 enactments, when work is done- on the public streets by the defendant, to- the satisfaction of the superintendent,, and has been accepted, by the public authorities, and taken possession of by á contractor who. is performing work on the same, all responsibility on. the-part of the defendant ceased from that -time;. It seems to us their view of. the law is- clearly erroneous.. There is no .contest about the-feet that defendant dug a. trench at:the place: where the accident-occurred.. The evidence of the.-plaintiff went to prove- that frequent complaint had been, made to defendant of said-ditch, and; that similar-, accidents had happened thereto other persons besides .the idaintiff, and that defendant merely trimmed it by throwing dirt loosely uponii without rammingit.down. The: defendant alleges it.lias contradicted this-by showing that no-complaint had ever been, made at its-- office.. The evidence- established the further fact that at the time of the- aceidentithe ditch had sank below the surface of the street, causing the injury complained of; There can be no doubt that the defendant was authorized to use the public street for the -purr pose-oflaying gas-pipes,.and that it must.perform this work to the satisfaction, of the proper officers. The object, of this requirement-whs to- preserve the streets in a passable-condition, and to prevent.accidents to people traveling-over them-Indeed, the city could not resign this duty without, giving up its vightM power. But it would be strange if the exercise of this necessary control should relieve the defendant, from.all responsibility for injuries received by other persons.through the negligence of the defendant or of its agents in the use of -public streets. We are not called upon to determine what, the defendant’s responsibility would be to-.the*city where-its work is .approved of and-accepted by the officers of the (Government; Bat where an injury hasb.e.en sustained-by adhird person through the fault of the defendant, his- rights- cannot be affected by the discret-ion of. a public-officer- or city contract, or in accepting imperfect work. The defendant had no-right to leave pits or excavations in the'traveled streets-of the city, and if a commissioner should approve-of the same, will be contended that the defendant is, relieved from the con sequences of-its carelessness, and;from- all' liability to. indi vid. nals who have suffered from iff? The superintendent may *629 accept the work, if he will, so far as the city is concerned, but he has no right by that act to absolve the defendant from its liability to other persons, who may have been injured by its negligence. We think the instruction asked for was properly refused by the court.
Another point presented on the record is, that the court refitsed to charge the jury that if the trench was filled up to. the level of the street, and its surface afterward sunk by reason of the action of continued rain, and if such sinking was not the result of defendant’s negligence, then the defendant was not liable.
This instruction, it will be seen, did not refer to the condition in which the street was left or the manner in which the’ work had been performed, but it has reference to the subsequent action of rain upon the trench. It is to be remembered, however, that the defendant is bound to put the street in as good condition as it had previously béen, and there can be no 'doubt that he is also required to exercise a prudent and careful foresight, so as to avoid any injury afterward. Storms and rain-falls belong to the ordinary course of nature, and common sagacity could foresee the consequences which they might occasion to such operations. It was reasonable to expect that the new-made ditch would sink under the action of a heavy rain, unless it had been properly rammed or puddled, and ordinary care could not Only foresee but obviate the danger. It appears that a water-main had been laid about the same time contiguous to and parallel with the said ditch, and over which the plaintiff had passed with entire safety before falling into the defendant’s ditchj thus showing that the contingency of the weather can be guarded against so as to render the streets passable without danger to any one. It is, therefore, clear that the jury should net be instructed that if the sinking was occasioned by the action of continued rain the defendant would not be responsible.
The action of the court below was correct, and the judgment must he affirmed.