### FRANK AMES v. BERNARD GANNON.

Submitted December 5, 1908—Decided February 23, 1909.

A person who excavates a trench in a public highway and places therein a sewer for property owners, under a private contract with them, is bound to restore the street to a safe condition, and this duty is not answered by simply replacing the excavated earth and leaving the street without further examination or attention, for he is charged with the knowledge that earth in a newly-filled trench is likely to settle after a heavy rainfall, which imposes on him a duty to ascertain whether under such circumstances that condition exists, and if it does, to make the necessary repairs.

---

On appeal from the Second District Court of Jersey City.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *McCarthy & McMahon.*

For the defendant, *James J. Murphy.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought suit for injuries caused by the defective condition of a public highway, which he alleges resulted from the negligent conduct of the defendant in not making proper repairs. The suit resulted in a judgment

for plaintiff from which defendant appeals, and the trial court has certified the following finding of facts:

The defendant, as contractor for adjoining property owners, constructed a sewer along Fowler avenue, in Jersey City, and finished the work early in August, 1907; that the earth excavated from the sewer trench had then been replaced, but because of the settling of the dirt, there remained a depression in the street of from eighteen to twenty inches deep, into which plaintiff drove at night and was injured.

The findings do not show that the street was ever in any different condition after the work was commenced from that existing when the accident happened. All that appears is that defendant excavated a trench, put the earth back and left the work about August 1st, 1907, and that there was a depression in the street into which plaintiff drove. So far as the findings of fact show the depression existed at the completion of the work. Defendant argues that the settling was caused by rain after the road had been fully restored, but there is nothing in the case showing any basis for this argument. From the facts found by the court, defendant neglected to put the road in a safe condition, and the finding supports the judgment. But accepting the defendant's position, I think the judgment is right, because the excavation was made by the defendant without, as it appears, any municipal authority. He excavated a public street for private purposes, and it was his duty to put the street in a safe condition, and this duty was not answered by simply replacing the earth and leaving it in that condition without further examination or attention, for he is charged with the knowledge that after a heavy rainfall earth in a newly-filled trench is likely to settle, and he should have gone there and repaired the road, or if not able to do so immediately, to guard it in some way.

The judgment should be affirmed.