HAZEL CEDARLAND, a minor by her next friend,— Respondent, v. ALVAH O. THOMPSON, Appellant.

Kansas City Court of Appeals, January 27, 1919.

1. **NEGLIGENCE: Personal Injuries: Piling Lumber on Sidewalk.** Defendant piled lath and lumber upon the sidewalk space of a public street adjacent to the paved portion of the walk on uneven and muddy ground so that said pile was in a loose and top heavy condition. The lumber fell upon a little girl, who was playing nearby, injuring her severely. *Held,* that defendant should have anticipated that persons would use said sidewalk along and upon which said lumber was piled and should have put it in a stable and reasonably safe position sufficient to prevent it from falling when pedestrian, using the sidewalk in the ordinary way, coming in contact therewith.

2. ———: **Piling Lumber on Sidewalk: Liability not Transferable.** Because some person, who was building a house nearby, had receipted for said lumber does not relieve defendant, as it was his duty not to make a public street dangerous to pedestrians, by placing material thereon that might fall on persons lawfully using the street or sidewalk, this duty not being transferable.

3. ——: ——. **Evidence.** The fact that the lumber remained piled in the same situation for two days without falling is not conclusive evidence under the facts that it was originally properly piled and that some external agency caused it to fall.

4. **NEW TRIAL: Assignment of Error: Insufficient.** An assignment of error in a motion for a new trial which states that: "Because the court erred in refusing instructions numbered—— asked by defendant" is not sufficient to raise any question in connection with the refusal of these instructions.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern*, Judge.

AFFIRMED.

*Harding, Deatherage, Murphy & Stinson* for appellant.

*T. J. Madden* and *Harry R. Freeman* for respondent.

BLAND, J.—Plaintiff was injured on the 14th day of April, 1917, as the result of a pile of lumber falling upon her. The lumber had been negligently placed upon a public sidewalk in Kansas City, Missouri, by defendant's servants two days prior to the injury. She recovered a verdict and judgment and defendant has appealed.

Defendant's first point is that his demurrer to the evidence should have been sustained. The petition alleged that the breach of duty of which defendant was guilty was that he failed to carefully place and pile the lumber upon the public street or sidewalk so as not to endanger the safety of persons and especially children who were upon or using the street or sidewalk. The petition further alleged that the lumber was negligently piled as follows:

"Said pile of lumber was top heavy, wider at the top than the bottom and was in a leaning condition, the boards were of irregular length, width and thickness and the same were piled in an uneven manner and no cross pieces were used to bind said pile of lumber or

braces to sustain the same. Said pile of lumber rendered said street and sidewalk dangerous for persons and children using said street and sidewalk."

The evidence shows that one Rohe was building a house at 4551 Mercer Street, in Kansas City, Missouri; that defendant was delivering lumber to said Rohe to be used in the construction of said house; that the pile of lumber which fell upon the plaintiff was delivered by one of defendant's agents on Thursday, April 12, 1917, and consisted of one truck load. The lumber was piled by the driver of the truck and one other and when piled was four feet wide, four or five feet high, and fifteen or sixteen feet in length. The pile consisted of a number of bunches of patent laths, 2 by 8 and 2 by 10 joists, twelve or fifteen feet in length, and a small amount of flooring. The patent laths were tied in bunches of eight laths to the bunch; the laths were about one and one-half inches thick and four inches in width. The bunches were uneven in length, some being three feet, some five feet and others seven feet in length. The lumber was piled lengthwise of and between the paved part of the sidewalk and the space where the curb would be had the latter been constructed and in place, which space was about four or five feet in width. The laths were piled next to the paved sidewalk space, about four feet high and about two feet deep. The whole pile was four feet deep, the heavy lumber two feet deep leaving the laths two feet deep. The bunches of laths were braced by having three boards placed crosswise, one at each end and one in the middle, to bind the pile of laths. Some of the bunches had been broken open and were loose. The ground upon which the lumber was piled was uneven and muddy.

After the laths were loaded and piled the heavy lumber was unloaded and placed next to the laths and between the laths and the curb space. The heavy lumber was piled up even with the top of the laths and then over on the same. The heavy lumber was piled to a thickness of about sixteen or seventeen inches

and in addition twelve or fifteen boards were placed on top of the laths. These heavy boards were twelve or fifteen feet in length. The heavy lumber was not bound to the laths in any way.

After all the lumber had been piled, if one would rub against the heavy lumber on top of the laths the laths would shake. There was evidence tending to show that the pile of lumber remained in the same condition from the time it was placed until it fell over upon plaintiff. The binding strips between the laths sloped toward the paved part of the sidewalk three to five inches. The pile of lumber was leaning toward the paved part of the sidewalk and was wider at the top than at the bottom.

Plaintiff, a girl thirteen years of age at the time she was injured, was playing hide and seek with her younger brother. She went to that side of the lumber next to the paved part of the sidewalk and placed her hand and head against the top and counted one hundred. She did not have hold of the lumber and did not lean or press against it. As she withdrew her hand and turned to go away the heavy boards fell upon her covering her up and crushing her foot and leg, resulting in a serious and permanent injury to her.

In connection with defendant's point that his demurrer should have been sustained, he insists that the allegations in the petition covering the alleged negligent way in which the lumber was piled were not proved. This point is not well taken. The evidence shows that the pile of lumber was wider at the top than at the bottom. Of course, this, together with the fact that heavier lumber was piled on the laths and the whole pile was unstable, sustained the allegation that the pile of lumber was top heavy. There was also evidence that the pile of lumber was in a leaning condition; that the boards constituting the same were of irregular length, width and thickness and were piled in an uneven manner. While there was evidence that there were cross pieces used to bind the laths, there were no cross pieces used to bind the pile of lumber

to the laths, therefore, the allegation that the pile was not bound was proven. It is true that some of these facts were established by witnesses who testified as to the condition of the pile on April 13th and 14th, but there being evidence that it remained in the same condition until it fell, the evidence of these witnesses may be considered.

Defendant urges that this is not a *res ipsa loquitur* case and there is no evidence that the way in which the lumber was piled was negligent or that the way in which it was piled caused it to fall. We think there is no merit in this contention. Defendant when piling the lumber should have anticipated that persons would use the sidewalk, along, against and upon which the same was placed, and that people would come in contact with the lumber. Defendant owed a greater duty to the public than to merely pile it in a position of such little stability that it was little more than evenly balanced between a stable position and a falling one. A showing that a portion of the pile was in a loose condition, that is, the laths, so that it would shake when the lumber was touched; that heavy boards were placed on top of the laths without being bound or tied to the laths in any way; that the pile was wider at the top than at the bottom and in a leaning condition; that the lumber constituting the pile was of irregular length, width and thickness and that the same was not bound or braced except by binding pieces placed through the laths alone, was sufficient from which the jury might find that the lumber was negligently piled; that is was of unstable equilibrium and that the fact that it might fall could be reasonably anticipated. Nor was any expert testimony needed to show that the way in which the lumber was piled was a negligent one and that it was liable to fall, or that it did fall as the result of the way in which it was piled. [Miller v. Missouri Wrecking Co., 187 S. W. 45; Ridenour v. International Harvester Co., 205 S. W. 881.]

Defendant further contends that the evidence shows that the pile of lumber had been changed prior to its

falling upon plaintiff. We see no merit in this contention. While there was a witness who testified that he used some of the laths in the interim, there was other testimony that none of the laths could have been removed without the heavy lumber being taken off of the top of the same. There was further evidence that the lumber was piled to the same height at the time it fell upon plaintiff; that the heavy boards remained on the top of the pile and that they fell upon her.

The evidence shows that the lumber was piled about noon on Thursday, April 12, and it fell on Saturday about 5:30 P. M., April 14th. It is defendant's contention that it was not the way in which the lumber was piled that caused it to fall or it would have fallen at once and would not have remained in the same condition for such a length of time, and that its falling must have been caused by something being done to the lumber in the meantime, such as children playing about or on it and moving it, citing in support of this contention O'Hara v. Gas Light Co., 244 Mo. 395. In that case a heavy iron pipe was placed upon the street and by reason of its rolling it injured a child. There was evidence for the plaintiff in that case that the pipe had not been blocked while there was evidence on the part of the defendant that it was properly blocked. There was evidence that some children in the neighborhood started the pipe rolling. The pipe remained in a position about three and a half hours without rolling, and the court held, l. c. 410, that as a matter of law it was not the placing of the pipe unblocked in the street that caused it to roll but the proximate cause thereof was the act of the children. That case is not like the one before us. The court held in that case that there was nothing to cause the pipe to roll except the boys playing around it.

There are many things present in this case consistent with the idea that the lumber might stay piled in the condition it was for the length of time shown in the evidence, or even longer, without falling. In the

first place, it was piled upon uneven ground that was muddy. One witness testified that it was necessary to place boards on the ground upon which to pile the lumber, on account of the muddy condition of the ground. The pile of lumber did not consist of a solid body but was very unstable, top heavy and leaning. The stability of the pile of lumber might have been so slight that the giving away of the wet earth underneath the same, or the gradual settling of the pile, or blowing of the wind or the mere touch of a passerby, might cause it to fall. Defendant in piling the lumber so close to the adjoining paved portion of the sidewalk was under the duty to anticipate that people might come in contact with the same, as we have already stated, and he had not discharged his duty to the public in merely piling the lumber so that it would not fall merely by reason of its own equilibrium, but it was the duty of the defendant to so pile it that its stability would have been sufficient to prevent it from falling when coming in such contact with pedestrians using the sidewalk in the ordinary way.

Defendant urges that if the lumber fell and injured plaintiff by reason of the fact that it was negligently piled, the negligence of Rohe was the proximate cause of the injury and not that of the defendant, and this, because the lumber was delivered to Rohe and receipted for by one assuming to act for him, and that thereafter it was Rohe's duty to see that the pile was made safe and not that of the defendant. In support of this proposition defendant cites the cases of Casey v. Wrought Iron Bridge Co., 114 Mo. App. 45; Schade v. Gehner, 133 Mo. 252; Roddy v. The Mo. Pac. Ry. Co., 104 Mo. 234. The rule laid down in those cases is not to be applied in this case. In those cases it was sought to base the cause of action on a breach of duty arising out of a contract entered into between certain parties, resulting in an injury to plaintiff on account of the negligence of the contractor in the performance of his contract duties. In the case at bar the cause of action is based upon a breach of duty the defendant owed not

to make a public street dangerous to pedestrians by placing material thereon that might fall on persons lawfully using the street or sidewalk. It would be an anomalous and remarkable condition if the law permitted one to negligently obstruct a street or place thereon material in such a way as to likely result in injury to a pedestrian and when a pedestrian is hurt by reason of such negligence, escape liability by claiming that the material was to become the property of another the moment it was placed on the street. The duty defendant owed the public was not transferable. [16 Amer. and Eng. Ency. of Law (2 Ed.), pp. 197-198.] The case of O'Hara v. Gas Light Co., supra, l. c. 409, involved the question as to whether one who had nothing to do with the negligent placing of material on the street, should be liable for the act of an independent contractor who was not sued, and who did place the material thereon. The court held the principal not liable. That case has no bearing upon the case at bar. The doctrine of independent contractor has no application in this case.

Defendant complains of the giving by the court of plaintiff's instruction No. 1. This instruction told the jury that if the servants of defendant—" . . . piled, or caused to be piled, the lumber mentioned in evidence, near the sidewalk, at the place in question, and that said defendant, his agent, servant or employee, piled or caused to be piled, said lumber in such manner that it was uneven and top-heavy, and in danger of falling and injuring children on, or using the sidewalk, and if you further find and believe from the evidence that it was negligent to pile said lumber in said manner, if you find it was so piled, and that as a direct result of said negligence, if any, said lumber fell upon and injured the plaintiff, then your verdict should be in favor of the plaintiff, . . . . Negligent and negligence, as used in these instructions, means the absence of ordinary care, and ordinary care means such care as a reasonably prudent person ordinarily exercises under the same or similar circumstances."

200 M. A.—40

It is defendant's contention that there was no evidence that the lumber was uneven and top heavy and in danger of falling or that if it was uneven and top heavy that that would cause it to fall. We have already covered this matter in connection with the demurrer to the evidence and as we have stated, there was such evidence. It is further urged that the instruction was erroneous because it left to the jury to determine what was negligence, or, in other words, to pass upon a question of law. The jury was required to find that the lumber was piled in such manner as to be uneven and top-heavy and in danger of falling and injuring children using the sidewalk, and "that it was negligent to pile said lumber in said manner." The jury were further told that the word "negligence" means the failure to use such care as a reasonably prudent person ordinarily exercises under the same or similar circumstances. If the words quoted above, "that it was negligent to pile said lumber in said manner," can be said to submit a question of law under the circumstances, nevertheless, the instruction was not materially erroneous. The instruction submits the facts necessary for plaintiff to recover, constituting negligence on the part of the defendant. The fact that the words quoted were included in the instruction might possibly have required the jury to find more than was necessary for plaintiff to recover, but there was no reversible error in the instruction as a whole.

Defendant devotes some considerable space in his brief in discussing the weight of the evidence as to whether the pile of lumber that fell was placed upon the sidewalk the Monday prior to the time it fell or on Thursday prior to that time. As this point is so clearly based upon the weight of the evidence we are not justified in taking up further space in prolonging the opinion to discuss the matter. More than one witness testified positively that the lumber was placed on Thursday.

Defendant complains of the refusal of the court to give his instructions F and G. The only reference to this matter in his motion for a new trial is as follows: "Because the court erred in refusing instruction numbered——asked by the defendant." This assignment of error was not sufficient to raise any question in connection with the refusal of these two instructions. [Kansas City Disinfecting Co. v. Bates County, 201 S. W. 92.]

The judgment is affirmed. All concur.