Nellie Marie FROGGE and Walter Frogge, (Plaintiffs) Respondents,

v.

NYQUIST PLUMBING AND DITCHING COMPANY, Inc., a Corporation, and City of Raytown, Missouri, (Defendants) Appellants.

No. 54179.

Supreme Court of Missouri, En Banc.

April 13, 1970.

Rehearing Denied May 11, 1970.

---

Michael F. Mahoney, Frank L. Cohn, Kansas City, for Nellie Marie Frogge and Walter Frogge respondents.

John C. Russell, Raytown, for City of Raytown, defendant-appellant.

Joseph A. Sherman, Jackson & Sherman, Kansas City, for Nyquist Plumbing & Ditching Co., Inc., defendant-appellant.

HOLMAN, Judge.

Plaintiff, Nellie Marie Frogge, was injured when the automobile she was driving ran into a sewer ditch in the street. In this action she and her husband sought to recover $22,500 in the aggregate for her injuries and his loss of consortium. The defendants are Nyquist, the corporation which installed the sewer, and the City of Raytown. The jury returned a verdict for defendants but the trial court granted plaintiffs a new trial on the specified ground that it had erred in giving Instructions 5 and 8. Defendants have appealed.

Upon this appeal each defendant, in addition to contending that the trial court did not err in giving the instructions in question, has briefed the point that plaintiffs did not make a submissible case against it and hence the court erred in failing to sustain its motion for a directed verdict.

The plaintiffs spent Thanksgiving Day, November 24, 1966, at the home of their son who resided at 6617 Harvard Avenue, Raytown. Because of a heavy rain they did not leave until about 7 o'clock p. m. Mrs. Frogge drove their car north on Harvard at a speed of about 15 miles per hour. At a point in front of the Dorsch residence, 6341 Harvard, the car was caused to stop suddenly, injuring Mrs. Frogge. Investigation revealed that the front end of the car was resting on its frame with the front wheels in a water-filled trench in the asphalt pavement. The trench or ditch was said by some witnesses to be two feet wide and two feet deep extending halfway across the street. It resulted from a sewer connection when Mr. Dorsch engaged defendant Nyquist Plumbing and Ditching Company to connect his residence with the main sewer in Harvard Street.

The evidence indicated that the work in the street had been completed in one day. Nyquist employees had excavated the ditch with a backhoe. It was two feet wide and eight feet deep. After the connection was made it was inspected by the city sewer inspector and then refilled with "crusher run rock." After refilling the material was packed by running over it with a loader machine. The city inspector testified that he went back the next day to see if the ditch had settled below the street surface and it had not.

At the time of the casualty it was dark and there were no warning lights or barricades at the ditch. The police called the foreman of the street department who brought out a barricade and the next day that department filled the ditch. Several witnesses testified that there had been a depression at that point from six inches to a foot in depth for several days before the accident. There was also evidence that Mr. Dorsch had accepted the job and paid Nyquist for the work prior to the occurrence in question.

▇▇▇ It is the contention of Raytown that plaintiffs cannot maintain this action against it because of their failure to give the required notice. Section 79.480 [1] reads as follows:

"No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on

---

1. Statutory references are to RSMo 1959, V.A.M.S.

account of any injuries growing out of any defect or unsafe condition of or on any bridge, boulevard, street, sidewalk or thoroughfare, in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which said damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

As stated in the recent case of Quinn v. Graham, Mo.App., 428 S.W.2d 178, 182,

"Giving of the notice in substantial compliance with the requirements of this statute is a condition precedent to the right to maintain the suit and to the right to recover damages (Shuff v. Kansas City, Mo.App., 257 S.W. 844, 846(6); 18 McQuillin—Municipal Corporations, 3rd Ed. Revised, § 53.154, pp. 558–563), and 'the giving of notice is required in every case, regardless of other sources and means of information possessed by the city.' Lyons v. City of St. Joseph, 112 Mo.App. 681, 684, 87 S.W. 588.

"The apparent rule is that the requirements of the statute that notice must be in writing and given to the mayor within the time specified are to be strictly construed [Cole v. City of St. Joseph, Mo., 50 S.W.2d 623, 624, 82 A.L.R. 742; Ogle v. Kansas City, Mo.App., 242 S.W. 115(1)], but as to the contents of the notice the statute is to be construed liberally in favor of plaintiff and strictly against the city so that a substantial compliance is sufficient."

However, there have been two exceptions approved concerning the type and manner of service of the notice. In Peterson v. Kansas City, Mo.Sup., 23 S.W.2d 1045, this court held that the notice could be served upon the mayor's secretary or other suitable agent whom the mayor had authorized to receive notices of that nature. Also, it has long been the rule that the statute is

complied with if a suit is filed and the summons and copy of the petition are served upon the mayor within the 90-day period. Hunt v. City of St. Louis, 278 Mo. 213, 211 S.W. 673.

There is no contention in this case that a notice was served prior to filing this suit. However, the suit was filed within the 90-day period and service was immediately had on the city by serving the summons and copy of the petition on the city clerk, as permitted by § 506.150(4). There is also no contention that the mayor had designated the city clerk as his authorized agent upon whom notices directed to him could be served. It therefore follows that § 79.480 was not complied with unless service of the papers upon the city clerk can be said to constitute notice in writing to the mayor of said city.

We have concluded that the statute was not complied with. As we have heretofore indicated, the requirement of the statute that notice in writing be given the mayor is to be strictly construed. The statute explicitly specifies that notice "be given in writing to the mayor." Undoubtedly a written notice was not delivered to the mayor or his authorized agent in this instance. It is true that in Costello v. Kansas City, 280 Mo. 576, 219 S.W. 386, the court speaks of service of summons upon the city within the required time as being sufficient. However, since it does not appear the service was upon some other person we will assume that it was served upon the mayor. At any rate, we have found no case holding that service of the notice may be had upon someone other than the mayor or his authorized agent, and, in view of the terms of the statute, we do not see how there could be such a holding. In this case plaintiffs could have directed the sheriff to serve the summons and petition on the mayor, § 506.150(4), and the statute would have been complied with. Not having done so, we rule, as heretofore indicated, that plaintiffs have failed to comply with the mandatory provision of the statute relating to notice and hence cannot

maintain this action against the city. Quinn v. Graham, supra.

Defendant Nyquist contends that plaintiffs failed to make a submissible case against it because there was no privity of contract between it and plaintiffs, and the evidence showed that its work had been completed, accepted by the owners, and there existed no legal duty on its part to plaintiffs.

■ We have concluded that plaintiffs made a submissible case against Nyquist. At the outset we recognize that it is the primary and nondelegable duty of the city to exercise ordinary care to keep its streets in a reasonably safe condition for travel. Sutton v. Fox Missouri Theatre Co., Mo. Sup., 336 S.W.2d 85. However, others, such as contractors, are liable if their negligence causes a street to become dangerous to persons traveling thereon. Lowery v. Kansas City, 337 Mo. 47, 85 S.W.2d 104. This defendant, other than mentioning it in its "Points Relied On," has not developed the question of lack of privity of contract and we will not specifically consider such. There is a very general rule to the effect that a contractor will not be liable for injuries to a third person resulting from his negligence, after his contract has been completed and accepted by the owner. However, many exceptions to that rule have developed. See Prosser, Torts, 3rd Ed., § 99, and Begley v. Adaber Realty & Investment Co., Mo.Sup., 358 S.W.2d 785. And, we have found·a number of cases where, in factual situations analogous to the instant one, recovery has been permitted because of the negligence of the contractor, even though the contract has been completed and the work accepted. See Casey v. Hoover, 114 Mo.App. 47, 89 S.W. 330, Houston Belt & Terminal Ry. Co. v. Scheppelman (Tex.Com.App.), 235 S.W. 206, Russell v. Arthur Whitcomb, Inc., 100 N.H. 171, 121 A.2d 781, Ames v. Gannon, 77 N.J.L. 385, 72 A. 27, Dillon v. Washington Gas-Light Co., 8 D.C. 626, and Cedarland v. Thompson, 200 Mo.App. 618, 209 S.W. 554 [6].

■ In the case before us we do not think the fact that the work had been prima facie completed and paid for by the abutting owner is determinative of the issue. This, because of evidence to the effect that there still remained a duty on the part of Nyquist to the city and the traveling public regarding this trench. It should be noted at this point that one of the elements in the submission against Nyquist was that on the date of the occurrence it "had not completed the work in the street * * *." We think there was evidence to support that submission. The city would not permit Nyquist to replace the asphalt over the trench but required that it pay it for doing so. There was evidence that the city usually waits a "week or so" (no doubt to permit settling) before laying the asphalt. The sewer connection permit which Nyquist obtained from the city contained the following: "After inspection and approval as aforesaid, the trenches in the street must be refilled with crusher run rock, and the excessive dirt removed from the street and drainage ditch. *Any holes or depressions following such work must be immediately repaired.*" (Emphasis ours.) In addition to that, the city sewer inspector, in testifying generally concerning his duties, stated that after the ditch is filled he would go back to see if the cuts have gone down and "if they have they are to be filled by the plumber." We think the evidence heretofore stated would reasonably support a jury finding that for a reasonable time between the time of filling the trench and the replacement of the asphalt Nyquist had a duty to refill any depression that occurred and in order to perform that duty should make inspections at reasonable times to learn of the existence of any such depression.

In support of its contention Nyquist has cited Cummings v. Halpin, Mo.App., 27 S.W.2d 718, Vanacek v. St. Louis Public Service Co., Mo.Sup., 358 S.W.2d 808, and Gruhalla v. George Moeller Construction Co., Mo.App., 391 S.W.2d 585. We have carefully considered each of those cases and

have concluded that they are factually distinguishable and hence not applicable to the situation here presented.

█ Defendant Nyquist contends that the court erred in granting plaintiffs a new trial because of error in giving Instruction No. 5. It is contended, in effect, that since that instruction was MAI 29.02 (2),[2] and is an approved converse instruction, it could not have been error to give it. Instruction No. 3 which submitted the claim of Nellie Frogge reads as follows:

"Your verdict must be for the plaintiff Nellie Marie Frogge and against the defendant Nyquist Plumbing and Ditching Company, Inc., if you believe:

"First, Nyquist Plumbing and Ditching Company, Inc., caused and allowed an excavation to be in the street on the date of the occurrence herein, and as a result the street was not reasonably safe for travel by the public, and

"Second, on the date of the occurrence referred to in evidence, Nyquist Plumbing and Ditching Company, Inc., had not completed the work in the street at or near 6341 Harvard Street, and

"Third, Nyquist Plumbing and Ditching Company, Inc., failed to use ordinary care to adequately refill said excavation to at or near street level, and

"Fourth, as a direct result of such failure, plaintiff Nellie Marie Frogge was injured, unless you believe that plaintiff Nellie Marie Frogge is not entitled to recover by reason of Instruction No. 9."

Instruction No. 4 submitting Walter's claim is the same except for his name. The converse instruction in question (No. 5) reads as follows:

"Your verdict must be for defendant Ralph Nyquist Plumbing and Ditching Company, a corporation, on the claims of both plaintiffs, if you do not believe that defendant Ralph Nyquist Plumbing and Ditching Company, a corporation, was negligent as submitted in Instruction No. 3 and No. 4."

In the respects important here we had the same instruction situation in the case of Brewer v. Swift & Company, Mo., 451 S.W.2d 131, decided March 9, 1970. Therein we ruled that the converse instruction was prejudicially erroneous, as indicated by the following:

"Turning first to Instruction 4, we find as defendant contends, that instruction to be MAI 29.02(2) unmodified. We disagree with defendant that giving it therefore could not be error. The general comment on Converse Instructions in MAI states that the 'if you do not believe' language followed by one or more propositions submitted by the verdict director may be used if in *substantially the same language* used in the verdict director. (P. 245 MAI.) Nowhere in Instruction 3 does the word 'negligent' appear; nowhere in Instruction 3 is the jury informed that it is to find negligence; nowhere in Instruction 3 is the proposition of 'negligence' placed before the jury. The instructions for use of 29.02 instructions refer to their use to converse 17.01 instructions. The 17.01 verdict director requires a finding that by certain conduct defendant was 'negligent.' When that verdict director is involved, 29.02 sets forth in substantially the same language one of the propositions submitted. But here plaintiff's verdict director is 22.03 modified. It does not refer to negligence yet the purported converse to it allows the jury to find for the defendant upon finding a proposition not submitted by Instruction No. 3. This is not a compliance with the requirement that the converse be in substantially the same language as the verdict director."

Our decision in Brewer is determinative of the contention in this case. We therefore

---

2. All references to MAI are to 1964 Edition.

rule that the court erred in giving Instruction No. 5.

The order of the trial court granting plaintiffs a new trial on their claims against defendant Nyquist is affirmed. The order granting a new trial against defendant City of Raytown is reversed. The cause is remanded for a new trial against Nyquist, and with directions to re-enter the judgment in favor of the City of Raytown.

HENLEY, C. J., FINCH, DONNELLY, SEILER, and MORGAN, JJ., and BRADY, Sp. J., concur.