Floyd KIRKPATRICK, Appellant,

v.

The CITY OF GLENDALE, Respondent.

No. ED 81284.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 25, 2003.

Walter F. Floyd, St. Louis, MO, for appellant.

Peter J. Dunne, St. Louis, MO, for respondent.

## WILLIAM H. CRANDALL, JR., Presiding Judge.

Plaintiff, Floyd Kirkpatrick, appeals from the trial court's grant of summary judgment[1] in favor of defendant, City of Glendale, in his action for personal injuries sustained in a fall on a sidewalk. We reverse and remand.

On May 4, 2001, plaintiff was walking on a sidewalk adjacent to the grounds of a public school located in the City of Glendale, Missouri (City). His foot struck a raised slab of concrete, causing him to fall and sustain bodily injury. He went to City Hall, reported the fall and the condition of the sidewalk to the City Manager, and received treatment from a fire department paramedic. The paramedic filed an incident report. Later, the City building inspector, at the request of the City Manag-er, inspected the sidewalk and notified the Kirkwood School District (school district) in a written letter that, as the owner of the property, it was responsible for maintaining and repairing the sidewalk. In December 2001, plaintiff brought the present action against the City, seeking damages for the injuries he sustained in the fall. The City filed a motion to dismiss for lack of subject matter jurisdiction, alleging that plaintiff's failure to give written notice to the City's Mayor under section 79.480 RSMo 2000 precluded his action against the City. In response to the City's motion, plaintiff filed the City Manager's deposition and two exhibits. The trial court granted the City's motion and dismissed plaintiff's action for lack of subject matter jurisdiction. Plaintiff appeals.

When considering an appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* The propriety of a summary judgment is purely an issue of law. *Id.* Because the trial court's judgment is founded on the record submitted and the law, the appellate court need not defer to the trial court's grant of summary judgment. *Id.* Summary judgment is designed to permit the trial court to enter judgment where the moving party has demonstrated on the basis of facts, as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.; see also* Rule 74.04(c)(3).

In his sole point on appeal, plaintiff contends that the trial court erred in dismiss-

---

1. In view of the fact that matters outside the pleadings were presented and not excluded by the trial court at the hearing on the motions to dismiss plaintiff's petition and all parties had ample opportunity to present materials on the issue of summary judgment, the trial court in effect entered summary judgment when it ruled on defendant-City's motion to dismiss. Rule 55.27(b).

ing his action for lack of subject matter jurisdiction because he complied with the notice requirements of section 79.480. That statute provides in relevant part:

> No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on account of any injuries growing out of any defect or unsafe condition of or on any ... sidewalk ... in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which said damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

■ Plaintiff first argues that he satisfied the requirement that the notice be "in writing." He made an oral report of the incident to the City Manager, who sent him to the City fire department for treatment. A paramedic in the fire department prepared a written incident report, one of the exhibits submitted by plaintiff in response to the City's motion. The City concedes that under *Lewis v. City of Marceline*, 934 S.W.2d 280, 282 (Mo. banc 1996), the statute only required that the notice be "in writing" and did not specify who must write the notice. Thus, plaintiff need not have been the person who actually reduced the notice to writing. He, therefore, complied with the requirement that the notice be in writing.

■ Plaintiff next asserts that notice to the City Manager was sufficient to fulfill the statutory requirement that notice be served on the City's Mayor. He relies on *Lewis*, 934 S.W.2d 280, for the proposition that long-established custom and usage may render the City Manager the Mayor's agent for the purpose of receiving notice. The City counters that service on the City

Manager did not constitute personal service on the Mayor because the Mayor did not expressly authorize the City Manager to accept and acknowledge service for the Mayor.

Although *Lewis* did not explicitly decide the issue of whether the mayor must give express authority to an agent for the receipt of notice to be effective, it implicitly did so. The decision stated, "Lewis alleged that by the city's *long established custom and usage*, the city clerk was the mayor's agent for the purpose of receiving the required notice." *Id.* (Emphasis added). Because the Missouri Supreme Court reversed the grant of summary judgment in favor of defendant-city and remanded the cause of action without specifically addressing the issue of strict compliance of notice "to the mayor," the implication is that there was compliance with that requirement.

We also determine that there was sufficient evidence to establish that the City Manager was the Mayor's agent for receipt of such notice. The City Manager was a full-time employee; the Mayor was part-time. The City Manager testified in his deposition that although the Mayor did not specifically designate him his agent, as a "matter of practice," he "would likely receive all notices, all legal notices." He also testified that he reviewed the paramedic's written report within 90 days of the incident and that he would not have sent such a report to the Mayor. According to custom and usage, the City Manager was the agent for receipt of notice under section 79.480. Thus, plaintiff complied with the statutory requirement that notice be served on the City's Mayor.

■ Finally, plaintiff alleges that the content of the notice was sufficient, despite his failure to state that he would claim

damages therein, as required by section 79.480.

The notice requirement is in derogation of the common law of torts and, as such, must be construed strictly against the municipality and liberally in favor of a plaintiff with the result that substantial compliance is sufficient. *Jones v. City of Kansas City,* 643 S.W.2d 268, 269 (Mo. App.1982). In *Travis v. Kansas City,* 491 S.W.2d 521, 523 (Mo. banc 1973), the Missouri Supreme Court acknowledged that there was a distinction between the 90–day time period for giving notice and the other requirements of the written notice. The latter is a condition precedent which must be strictly performed before the action may be maintained; the former relates to the content of the notice which need only substantially conform to the requirement of the statute. *Id.* In addition, sufficiency of the notice is for the court to decide. *Id.* at 524. "If the municipality believes that the content of the notice as to the time of the injury (or other matters) was so misleading as to have affected its legitimate right to fully investigate the occurrence and that its ability to defend against the claim has thus been limited or prejudiced, such facts should be presented to the trial court." *Id.* at 524.

It was not necessary for the notice to expressly state that plaintiff was going to claim damages from the City. *Ogle v. Kansas City,* 242 S.W. 115 (Mo.App.1922). It was sufficient that the City was informed of the place, time, and circumstances of how plaintiff's injuries occurred, as well as the nature of those injures and the defect in the sidewalk which caused them. *See id.* After the incident was reported, the City building inspector, at the request of the City Manager, inspected the sidewalk and notified the school district in a written letter that, as the owner of the property, it was responsible for maintaining and re-pairing the sidewalk. There was no evidence that plaintiff's failure to indicate that he was seeking damages in the written notice to the City hindered the City's ability to fully investigate the occurrence and prepare a possible defense. The content of the notice substantially complied with the statute. Plaintiff's point on appeal is granted.

The judgment of the trial court is reversed and the cause is remanded.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.