**Althia Smith TRAVIS, Appellant,**

v.

**KANSAS CITY, Missouri, a municipal corporation, Respondent.**

**No. 56427.**

Supreme Court of Missouri, En Banc.

March 12, 1973.

David Q. Reed, Kansas City, for appellant.

Aaron A. Wilson, City Counselor, Charles A. Lewis, Associate City Counselor, Kansas City, for respondent.

MORGAN, Judge.

In the trial court, defendant filed its Motion For Judgment on the Pleadings pursuant to Supreme Court Rule 55.39, V.A.M.R., the same was sustained, and plaintiff has appealed.

Factually, it appears that on January 6, 1966, plaintiff fell and suffered personal injuries near the intersection of 10th and Main Streets in Kansas City, Missouri, allegedly due to defendant's negligence in the maintenance of its public sidewalk.

In this connection, Section 82.210, RSMo 1969, V.A.M.S., provides: "No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

Within "ninety days of the occurrence" plaintiff served a notice on defendant as required by the quoted statute. It recited that the date of injury was January 1, 1966, whereas the petition, filed after the ninety-day period, recited that January 6, 1966, was the correct date. It was agreed that plaintiff's evidence would have shown that she, in fact, did fall on January 6. The trial court, after noting the discrepancy of five days, ruled: "That plaintiff has therefore failed to comply with the provisions of . . . Section 82.210 . . . and may not further maintain the action . . . .." As shown, there is no factual dispute and the sole and only issue is purely a question of law, i. e., did the notice comply with Section 82.210.

■ Initially, we must note that the trial court was correct in concluding that, "The question of the sufficiency of [the] notice was for the court and not the jury," Plater v. Kansas City, 334 Mo. 842, 68 S. W.2d 800, 803; and, that the order entered was consistent with the opinion of this court in Hackenyos v. City of St. Louis (En Banc, Mo.1918), 203 S.W. 986. Thus, our sole objective is to reconsider the validity of the holding in Hackenyos.

In that case, the notice declared that the injury was suffered " . . . on or about the 1st day of September . . . ."

but, at trial, it was shown that the injury occurred on September 2. The trial court entered a nonsuit against plaintiff and this court affirmed. It is of some interest that three judges concurred, one concurred in result and three dissented. The majority opinion found that the statute should be strictly construed and at l.c. 987 said: "With the information furnished the city, contemplated in the above notice, and especially with the *correct date* given therein, the municipality will be afforded an opportunity to check up and verify the movements of the injured party on said day, and to prove, if it can, that he or she was not in that part of the city and sustained no injury on the date mentioned. In order to make this notice effective and of practical value to the city, the language used in section [now 82.210] . . . should be held to be mandatory, and especially as to the *true time* of the injury." To the suggestion that the law generally on the subject was to the effect that the statute was to be construed liberally reference the contents of a notice, the court declared, l.c. 987: "This may be true, in some instances, in passing upon matters contained in the notice, aside from the date of injury mentioned therein, yet, unless the act is construed as mandatory, in respect to *time* of injury called for in said notice, it would leave the city to grope in the dark, and without information as to the *exact* date which the injured party intended to rely on at the trial. * * * If this plain provision in regard to the *time* contained in the notice can be evaded by showing a *different date* in regard to the accident, in many cases it would deprive the city of the very means contemplated by the Legislature of defeating fictitious and fraudulent demands."

Three judges thought that such a rigid approach to the question was not only unnecessary to carry out the intent and purpose of the statute, but also was not consistent with the then prevailing law on the subject. The dissenting opinion of some fourteen printed pages considered a multi-

tude of cases which we need not repeat here. However, the rationale followed by the three dissenters may be gleaned from the following excerpts quoted therefrom:

"At this place it should be emphasized that this statute requires the performance of two things especially, among others, first: That the notice must be given to the city within 90 days of the occurrence of the injury; and, second, that the notice must state the time when, and place where, the injury occurred. This should be borne in mind, because much confusion in the minds of courts and counsel has been caused by considering the two requirements as one or interchangeably. The confusion grows out of the fact that the first is a condition precedent which must be strictly performed before the suit can be maintained. One minute after the statutory time expires is just as fatal to a recovery as one year. The second requirement mentioned relates to the contents of the notice, and not to the time of its service; but in the course of this opinion I will show that in many cases the argument made and the rules governing the time of serving the notice are applied to the sufficiency thereof after it is given. This is noticeably true of the majority opinion in this case. (l.c. 989)

\* \* \* \* \* \*

"The only rationale construction that can be placed upon the statute is that the notice must substantially conform to the requirement of the statute, and be filed within the time specified therein. (l.c. 993)

\* \* \* \* \* \*

"There is another reason why this statute should receive a liberal construction, which is fully supported by the authorities, and that is the plaintiff's cause of action is bottomed upon the common law, and not upon the statute mentioned. The statute in question does not purport to create a cause of action of any kind, but the design of the Legislature was to place a condition precedent upon his right to a recovery in a common-law cause of action, and that condition is that the plaintiff give to the city 'written notice of the time when, the place where, and the character and circumstances of the injury,' within 90 days from the date the injury occurred.

"Clearly it was not the design of the Legislature to defeat, by a mere technicality, a righteous cause of action to recover damages for an injury caused by the negligence of the city, and not that of the injured party . . . (l.c. 999–1000)

\* \* \* \* \* \*

"The statute does not contemplate that the notice shall be so certain and definite in terms as to notify the city officers with such precision that they may with perfect confidence rely upon the correctness of the notice, and proceed with the trial of the cause without making an investigation of the facts of the case. However desirable that might be on the part of the officers, yet all of the authorities hold that they must arm themselves with the notice, and, with the assistance of its light, make an investigation and ascertain the truthfulness or the falsity of the statements contained in the notice." (l.c. 1001)

This opinion need not be extended further by detailed consideration of the many cases on the question. They are collected in Vol. 21A, Mo.Dig., Municipal Corp. (Notice of claim for injury), ▌ et seq. Without concerning ourselves with the validity of the majority opinion in Hackenyos when it was entered in 1918, it is sufficient to say that the logic and reasoning of the minority opinion is more consistent with the modern day concept of justice and our liberalized rules of discovery; and, it is more in conformity with the dictates of Section 1.010 which, in part, provides: " . . . all such acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof."

▌ The reported cases, in fact, reflect an approval of the rationale of the minority in Hackenyos. In Frogge v. Nyquist Plumbing and Ditching Company,

Mo., 453 S.W.2d 913, at l.c. 915, it was shown that no notice at all was given, and we said: " . . . the requirement of the statute that notice in writing be given the mayor is to be strictly construed." In Randolph v. City of Springfield, 302 Mo. 33, 257 S.W. 449, this court recognized an exception to the requirement of literal compliance with even the "ninety days" limitation [there 30 days] where the claimant was too incapacitated to give the notice on time. In Brickell v. Kansas City, 364 Mo. 679, 265 S.W.2d 342, an error in date was involved, and the court after again noting that the statute was in derogation of the common law and should be construed liberally, found that the correct date revealed in a deposition taken of plaintiff was sufficient. Other cases digested show a continuing effort to avoid the harshness of the result reached in Hackenyos. From all of which, we have concluded that the Hackenyos case should be overruled as well as those of the Court of Appeals wherein there was an obligation to follow the same. What is the result?

As noted, the sufficiency of the notice is for the court and not the jury. Plater v. Kansas City, supra. If the municipality believes that the content of the notice as to time of injury (or other matters) was so misleading as to have affected its legitimate right to fully investigate the occurrence and that its ability to defend against the claim has thus been limited or prejudiced, such facts should be presented to the trial court. Thereafter, a ruling as to whether or not the notice met the intent and purpose of the statute could be made after a hearing thereon. Such a procedure would not be unduly burdensome on the trial courts as the number of instances where the wrong date of injury was given would be limited, and allowing the same would avoid the automatically harsh result heretofore called for by Hackenyos.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

PER CURIAM:

The foregoing opinion by MORGAN, J., which was written but not adopted in Division II is adopted as the opinion of the Court en Banc.

All concur except HOLMAN, J., who dissents.