Robert W. JONES, Respondent,

v.

CITY OF KANSAS CITY, Missouri,
Appellant.

No. WD 33418.

Missouri Court of Appeals,
Western District.

Sept. 21, 1982.

As Modified Nov. 30, 1982.

Aaron A. Wilson, City Atty., Michael W. Bradley, Asst. City Atty., Kansas City, for appellant.

Steven J. Streen, Jerusha L. White-Wasson, Kansas City, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is an appeal from a judgment awarding damages for personal injury caused by a defect in a municipal street. The judgment is affirmed.

Appellant's sole point charges the trial court erred in its failure to enter judgment for appellant because of respondent's failure to provide proper notice to appellant, as required by § 82.210, RSMo 1978.

Before discussion of appellant's alleged error or the rationale of the disposition herein, it is necessary to explain the exact posture of this appeal. Prior to trial before a jury, appellant filed a motion to dismiss respondent's petition upon the sole basis of respondent's failure to comply with the notice requirements of § 82.210, RSMo 1978. A hearing was held by the trial court on this motion and the motion to dismiss was denied. This cause then proceeded to trial before a jury. The jury awarded respondent the sum of $2,500.00. Judgment was entered in accordance with the jury's verdict and this appeal followed the overruling of timely filed post-trial motions. This appeal is limited to the sole issue of whether the trial court's ruling on the motion to dismiss was erroneous. Appellant presents no additional alleged errors relative to the remainder of the proceedings.

The record reveals under date of January 4, 1977, a letter from respondent's counsel addressed to the then Mayor of appellant municipality. The pertinent portion of the letter reads as follows:

"... Mr. Jones was severely injured in an accident that occurred on December 27, 1976, at or near 4208 Pennsylvania in Kansas City, Jackson County, Missouri. The preliminary investigation has revealed that, as a result of the negligence of the City of Kansas City, Missouri, in not properly maintaining said street, to wit: allowing a "pot hole" to develop and go unrepaired, as well as not providing adequate lighting on said street ..."

The above letter was received by the Mayor's office on January 6, 1977.

Attached to the letter was respondent's affidavit, the pertinent portion which reads:

"1. That on or about December 27, 1976, at approximately 5:45 a.m., he (respondent) was driving in a northwesterly direction, adjacent to 4208 Pennsylvania, at a speed of approximately 5 miles per hour.

2. That said Pennsylvania Street at that location had a "pot hole" in the street adjacent to a manhole cover ..."

On June 27, 1978, respondent filed his petition. The initial pleading was met by appellant's formal answer on July 26, 1978. On October 3, 1979, appellant filed its motion to dismiss the pertinent portion of which states:

"Comes Now Defendant City ... and moves the Court to dismiss Plaintiff's petition ... for failure to comply with the mandate of § 82.210 R.S.MO. (1978) in that Plaintiff's Notice to the City did not clearly state the place where the accident occurred. The insufficient notice by Plaintiff has prejudiced this Defendant in its investigation and defense preparations."

On November 8, 1979, the trial court conducted a hearing on the motion to dismiss. This procedure followed that prescribed in *Travis v. Kansas City*, 491 S.W.2d 521, 523 (Mo.banc 1973). The evidence in support of the motion consisted of the testimony of an investigator for appellant.

In summary, this witness stated he went to the 4200 block of Pennsylvania in appellant-municipality and had with him a copy of respondent's notice and affidavit on March 5, 1977. He stated he relied exclusively upon the notice for the commencement of his investigation. The evidence revealed this particular street had no residence or other structure with a given address of 4208 as designated by the notice. There was a business operation with an address of 4200 which "takes in a number of addresses ranging from 4200 on up." This witness located a manhole approximately 35 feet from the south curbline which "is the closest thing I saw to what I would have speculated to—4208 to have been." The witness testified he found no "pot hole" adjacent to the manhole, but located a "small depression in the street." This depression was described as gradual to the depth of one inch.

The property referred to by appellant's investigator as a business operation with the address of 4200 Pennsylvania is the Park Plaza Laundry. This business facility extends (without numerical address identification) some 100–150 feet south of the curbline of 42nd Street. As noted above on his initial investigation, appellant's investigator located a manhole with a small depression some 35 feet south of the 42nd Street curbline and "speculated" it was the closest thing to 4208 Pennsylvania. The evidence reveals no continuous numerical addressing sequence of the properties along Pennsylvania, thus rendering the location of the defect specifically by street number difficult. The record shows, however, that the investigation of this matter did not end at this point. There had been a police report of the accident provided appellant prior to the taking of respondent's deposition on July 14, 1978. On December 24, 1978, appellant's investigator returned to the area and the manhole with the adjacent pothole was located. The evidence reveals, as noted above, that the laundry business extended some 100–150 feet south of the 42nd Street curbline. The defect was locat-

ed some 90–140 feet south of the laundry property. The defect was located some two years after the accident.

After hearing the evidence, the trial court entered the following order:

"After a review of the evidence, the Court is convinced that Plaintiff made every effort to supply reasonable and accurate information to the City with regard to the location of the defect in the street. Even with the street address confusion, the Court believes the City should have located the defect. Motion to dismiss is denied."

*Travis,* in addition to presenting a hearing upon the sufficiency of notice pursuant to § 82.210, also rules that the notice of a claim against a municipality is a matter to be decided by the court and not a jury.

As noted, *Travis* mandates the decision on this issue is to be made by the trial court and not the jury. Upon review, the trial court's decision will be affirmed unless there is no substantial evidence to support it, or it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976) and *Cave v. Cave,* 593 S.W.2d 592 (Mo.App.1979). If the review discloses a great variance between the notice and the proof relative thereto, the discrepancy will be considered fatal. *Quinn v. Graham,* 428 S.W.2d 178, 184 (Mo.App.1968). The notice requirement is in derogation of the common law of torts and is, therefore, to be construed strictly against the municipality and liberally in favor of a plaintiff with the result that substantial compliance is sufficient. *Cole v. City of St. Joseph,* 50 S.W.2d 623, 624, 82 A.L.R. 742 (Mo.1932); *Ogle v. Kansas City,* 242 S.W. 115(1) (Mo. App.1922), cited with approval and reaffirmed in *Frogge v. Nyquist Plumbing and Ditching Company,* 453 S.W.2d 913, 915 (Mo.banc 1970).

The record reveals the trial court herein conducted a hearing upon the sufficiency of the notice in compliance with *Travis.* The evidence adduced at that hearing supports the trial court's finding and ruling denying appellant's motion to dismiss. It cannot be concluded upon the record herein that there was a fatal variance between the notice and the supporting proof. *Quinn, supra.* Based upon a review of the record, this court is not convinced the trial court erred in its ruling denying appellant's motion to dismiss. *Murphy v. Carron* and *Cave v. Cave, supra.*

The judgment is affirmed.

All concur.