Roberta LEWIS, Appellant,

v.

CITY OF MARCELINE, Respondent.

No. 78689.

Supreme Court of Missouri,
En Banc.

Nov. 19, 1996.

Rehearing Denied Dec. 17, 1996.

Charles A. Powell, Jr., Macon, for Appellant.

Richard S. Brownlee, Jr., Donald C. Otto, Jr., Jason Spillman, Jefferson City, for Respondent.

COVINGTON, Judge.

Roberta Lewis sued the City of Marceline for damages alleging that she sustained injuries when she fell after stepping into a hole in a city street. The City moved for summary judgment, citing Lewis's failure to give written notice of her claim to the mayor of the City as required by section 77.600, RSMo 1994.[1] Lewis alleged that she complied with the statute by making an oral report of the claim to the city clerk who typed a report of the incident. The trial court entered summary judgment in favor of the City. This Court has jurisdiction because Lewis challenges the constitutionality of section 77.600 in one of her points on appeal. The trial court's judgment is reversed, and the cause is remanded.

On May 9, 1990, Lewis injured her foot and ankle when she fell as a result of stepping into a hole in 227 North College Street in Marceline, Missouri. On June 14, 1990, she gave an oral statement of the incident to Elizabeth Cupp, the city clerk. Cupp took handwritten notes and typed Lewis's statement. Lewis asked if she should sign the written report, but Cupp told her that she did not have to sign it. Cupp stated that she would file the report and concluded, "This will get it. This is it." The record on appeal includes a report entitled "Loss Notice Other Than Automobile," which states, "She [Lewis] is claiming that she also fell in a hole in front of her house at 227 N. College back in May of 1990 damaging her ankle." The report states, "Reported by Roberta Lewis." "Notice of Claim" and "Incident Report" boxes on the form are checked. The report is dated "7–10–90."

On May 9, 1995, Lewis filed a pro se petition against the City, in which she alleged that the City's negligence in maintaining North College Street was the cause of her injury on May 9, 1990. She further alleged that she gave notice to the City on June 14, 1990. The City filed a motion for summary judgment, in which it alleged that Lewis had not given the mayor a written notice of the incident, and, thus was barred from bringing the suit under section 77.600. The City provided affidavits of Cupp and Phillip Smith,

the mayor. Cupp stated that Lewis orally reported the incident to her and that Cupp made a report on or about July 10, 1990. The mayor stated that he never received written notice of Lewis's claim.

Following the City's motion for summary judgment, Lewis filed a second amended petition and suggestions in opposition to defendant's motion for summary judgment with supporting affidavits. In her suggestions in opposition, Lewis alleged that by the city's long established custom and usage, the city clerk was the mayor's agent for the purpose of receiving the required notice. Lewis's affidavit and the affidavits of former city employees support her allegation regarding the city's custom.

The trial court entered summary judgment in favor of the City. The trial court noted that Lewis submitted affidavits on the issue of whether the city clerk had, by custom and habit, accepted notice for the mayor for years. The trial court stated that even though that might be the case, summary judgment was proper on another basis. The trial court found that Lewis gave only oral notice to the City. The trial court further found that the notice "totally" failed to describe both the place where the injury occurred and the character and circumstances of the injury. The trial court concluded that Lewis failed to meet the statutory written notice requirements of section 77.600.

Section 77.600 provides in pertinent part:

No action shall be maintained against any city organized under the laws of this state as a city of the third class on account of any injuries growing out of any defect or unsafe condition of or on any ... street ... until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

1. Unless otherwise noted, all statutory references are to RSMo 1994.

In order to decide whether summary judgment was proper, this Court must first determine whether, as a matter of law, the notice was "in writing," as required by section 77.600. The statute does not say who must write the notice. The statute requires only that the notice be "in writing." Lewis gave an oral statement to Cupp. Cupp reduced the statement to writing. This satisfies the requirement of section 77.600 that there be a writing.

The City asserts that it is beyond the judiciary's province to abrogate the "in writing" requirement of section 77.600. This Court's decision neither ignores nor relaxes the statute's writing requirement. The holding is simply that the claimant him or herself need not be the person who actually reduces the notice of claim to writing.

The City contends that if this Court finds compliance in this case with the requirement that notice be in writing, the purpose of the statute will be frustrated. The City argues that the legislature required that the notice be in writing to "protect against the invariable inconsistencies, misinterpretations and overall unreliability of an oral relay of information." This Court disagrees. The purpose of the statute is not frustrated by allowing someone other than the claimant to write the notice. The claimant has the burden of ensuring that the person who prepares her notice of claim does so accurately, whether that person is her attorney or the city clerk. If the claimant fails to ensure that her written notice is accurate and complete, the content of the claimant's notice may be found insufficient. *See Travis v. Kansas City*, 491 S.W.2d 521, 523 (Mo. banc 1973). The content requirement, not the "in writing" requirement, protects cities against the concerns expressed in the City's brief.

This Court must next determine whether summary judgment is proper based on the content of the notice. To reiterate, section 77.600 requires that the notice must state the place where the injury was received, the time when such injury was received, the character and circumstances of the injury, and the intent to claim damages from the city. As to the content of the notice, the statute is to be construed liberally in favor of the plaintiff. *Travis*, 491 S.W.2d at 523. The statute contemplates that the notice shall be sufficiently certain and definite that, with the assistance of the notice, the city officers may make an investigation and ascertain the truthfulness or the falsity of the statements contained in the notice. *Id.* If the municipality believes that the content of the notice was so misleading as to have affected its legitimate right fully to investigate the occurrence, and its ability to defend against the claim is limited or prejudiced as a consequence of the content of the notice, these facts should be presented to the trial court. *Id.* at 524.

The City contends, and the trial court found, that the notice "totally" fails to describe the place where the injury occurred and the character and circumstances of the injury. The record reflects otherwise. Certainly, on its face, Lewis's notice did not "totally" fail to describe the place where the injury occurred and the character and circumstances of the injury. The trial court relied upon *Quinn v. Graham*, 428 S.W.2d 178 (Mo.App.1968). It is not clear whether the trial court was aware of the dictates of *Travis*. The court of appeals decided *Quinn* five years prior to this Court's decision in *Travis*. The trial court should have relied upon *Quinn* only to the extent it does not conflict with the test expressed in *Travis*.

It appears that there may be no need for a *Travis* hearing on the sufficiency of the content of the notice. This Court notes that the legal file contains a letter from the adjuster, who informed Lewis that her claim against the City of Marceline was denied. According to the letter, a "full investigation" was conducted, and the adjuster was able to determine that the City of Marceline was not negligent. The adjuster acknowledged that there was a hole in the road, by stating, "You, yourself knew that the hole in the road was there and still was able to trip and fall over it yourself." On remand, however, the trial court may conduct a hearing, if the City requests and the court deems necessary, to determine whether the facts provided by Lewis allowed the City officers to make an investigation and ascertain the truthfulness

or falsity of the statements contained in the notice. *See Travis,* 491 S.W.2d at 523. Additionally, the trial court may hear evidence, if the City requests and the trial court deems necessary, on the question of whether the content of the notice was so misleading as to have affected the City's right fully to investigate and whether its ability to defend against Lewis's claim was limited or prejudiced as a consequence of the content of the notice. *See id.* at 524. Where the cause proceeds from that determination, of course, depends upon the trial court's findings and conclusions on the issue of sufficiency of the content of the written notice.

Because of the disposition of this case on other grounds, it is unnecessary to reach the constitutional challenge raised by Lewis.

Summary judgment was not proper in this case. The trial court incorrectly determined that Lewis did not give notice "in writing" and incorrectly concluded that the content of the notice was completely insufficient. Lewis has satisfied two of the requirements of section 77.600: the record reflects that the "ninety day" requirement has been met and the "in writing" requirement has been satisfied as a matter of law. The judgment of the trial court is reversed and the cause remanded for further proceedings.

HOLSTEIN, C.J., and BENTON, PRICE, LIMBAUGH, and ROBERTSON, JJ., concur.

WHITE, J., dissents in separate opinion filed.

WHITE, Judge, dissenting.

I respectfully dissent. I agree with the trial court's entry of summary judgment in favor of the City on the basis that Lewis failed to meet the writing requirement of the statute. I also write to express my concern over the scope of remand in the principal opinion.

### The Writing Requirement

This Court stated the rules of construction for section 77.600 in *Frogge v. Nyquist Plumbing and Ditching Company,* "the requirements of the statute that notice must be in writing and given to the mayor within the time specified are to be strictly construed ... but as to the contents of the notice the statute is to be construed liberally in favor of plaintiff and strictly against the city so that a substantial compliance is sufficient."[1] The principal opinion holds that since a city clerk typed a summary of Lewis's oral complaint on an insurance form, the writing requirement was satisfied. I cannot reach this conclusion.

No Missouri case has ever held that anyone but the plaintiff is the party responsible for giving written notice. To the contrary, this Court tolls filing deadlines for minors[2] and plaintiffs suffering from mental incapacity[3] expressly so plaintiffs can fulfill the requirements of the statute themselves. This Court has even tolled the deadline for a plaintiff who, because of the severity of the injury resulting from her accident on city property, was not physically able to notify the mayor in writing within the prescribed time limit.[4] If, as the principal opinion concludes, the written notice requirement is not directed to the plaintiff, it would be superfluous for this Court to toll these deadlines based on impossibility so that plaintiffs can personally comply with the statute. Nevertheless, the principal opinion holds that "the claimant him or herself need not be the person who actually reduces the notice of claim to writing."[5] This holding frustrates the purpose of the statute, undermines the

---

1. 453 S.W.2d 913, 915 (Mo.1970) (quoting *Quinn v. Graham,* 428 S.W.2d 178, 182 (Mo.App.1968)) (other citations omitted).

2. *Schumer v. City of Perryville,* 667 S.W.2d 414 (Mo. banc 1984) (holding that even though the plaintiff had been appointed a next friend, the ninety day time limit was tolled during the plaintiff's minority).

3. *Randolph v. City of Springfield,* 302 Mo. 33, 257 S.W. 449, 451 (1923).

4. *Id.*

5. Op. at 282.

rule of strict compliance, and is not supported by law.

The principal opinion states that:

The purpose of the statute is not frustrated by allowing someone other than the claimant to write the notice. The claimant has the burden of ensuring that the person who prepares her notice of claim does so accurately, whether that person is her attorney or the city clerk. If the claimant fails to ensure that her written notice is accurate and complete, the content of the claimant's notice may be found insufficient.[6]

These statements create new law in Missouri. No case has ever held that anyone other than a plaintiff has been responsible for giving initial written notice. Since, before today, the plaintiff did not have the option of using someone else to meet the writing requirement, the plaintiff has never before had the burden that the principal opinion imposes—the burden of ensuring that the clerk who prepares the "notice of claim" does so accurately.

Lewis herself could not have met this burden. She spoke to a clerk about her injury. The clerk filled out a form for MOPERM, the state insurance company. The clerk typed a description of one of Lewis's previous accidents, at a *different location* in December 1988, then noted, "[s]he is claiming that she also fell in a hole in front of her house at 227 N. College back in May of 1990." The form was then sent to MOPERM without the mayor seeing it. Despite repeated requests, Lewis did not receive a copy of the insurance form until October 1990. Lewis stated in her affidavit that she was "incredulous" that the report even mentioned the 1988 accident, and that the report did not contain all of the details that she had relayed to the clerk concerning the May 1990 accident. By the time Lewis saw the report, however, it would have been too late to meet this burden of ensuring that the report was correct, and if it was not, to amend the report.

The legislature can define the waiver of sovereign immunity as narrowly as it chooses, and it is beyond the scope of our power to broaden the statute.

Notice of claim statutes, rooted as they are in sovereign immunity, are terms and conditions imposed by the government on the government's waiver of its immunity. "[W]ithin constitutional limits, a sovereign may prescribe the terms and conditions under which it may be sued, and the decision to waive immunity, and to what extent it is waived, lies within the legislature's purview." [7]

This Court does not have the right to "alter, amend, change, or add to, the statute by supplying omitted words or phrases, under the guise of construction, especially where the statute is not ambiguous or uncertain in the words, language, and form in which it was enacted by the Legislature." [8]

The holding of the principal opinion, under the guise of construction, broadens the statute and undermines its purpose. The legislature intended the plaintiff to have control over compliance with the statute. The plaintiff is the only one with the knowledge necessary to comply with the statute. Only the plaintiff knows the circumstances of the accident, when the ninety day time period will expire, and whether she will pursue a claim of damages against the city.

The plaintiff has no control over an insurance form filled out by a clerk. There is no guarantee that the clerk's summary of the accident will reflect the plaintiff's version of events. As the mayor is not listed as the "participating entity/contact person" or anywhere else on the insurance form, there is no guarantee that this form will be presented at any time to the mayor, much less within the ninety day time limit. Finally, there is no guarantee that the plaintiff will receive a copy of the report in time to correct it.

---

6. *Id.*

7. *Findley v. City of Kansas City,* 782 S.W.2d 393, 396 (quoting *Winston v. Reorganized School District R–2,* 636 S.W.2d 324, 328 (Mo. banc 1982)).

8. *Thompson v. City of Lamar,* 322 Mo. 514, 17 S.W.2d 960, 967 (1929).

According to the principal opinion, anyone can perform the writing requirement for the plaintiff. Under this rule, if the plaintiff tells a newspaper reporter of the circumstances of the accident and of her intent to pursue a claim against the city, the reporter reduces her story to writing, the story is printed in the newspaper, and then the mayor reads the newspaper, the plaintiff has strictly complied with the writing requirement. This is a tortuous construction of the statute and exceeds our power of statutory interpretation.

## The Scope of Remand

After discussing the writing requirement, the principal opinion continues, "[t]his Court must next determine whether summary judgment is proper based on the content of notice."[9] My concern is that this statement may be misleading to the trial court on remand.

There are three parts of the statute with which the plaintiff must strictly comply. First, the notice must be in writing. Second, it must be given to the mayor. Third, it must be given within ninety days of the accident.[10] The content of the notice is examined for substantial compliance *only* if the plaintiff strictly complies with the first three requirements.

The principal opinion finds that Lewis has met the writing requirement and the ninety day requirement. The "to the mayor" requirement has yet to be considered, however. The trial court did not reach this issue because it granted summary judgment based on Lewis's failure to meet the writing requirement. The principal opinion does not address whether Lewis strictly complied with the "to the mayor" requirement. Since the opinion does go on to address the substantial compliance test, however, the trial court could conclude that the substantial compliance issue is all that remains to be decided. If I had agreed that Lewis met the writing requirement, I would have remanded with more specific directions to the trial court.