

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| RHONDA POTTS, | ) | No. ED103918 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Julian L. Bush |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 27, 2016 |

## Introduction

Appellant Rhonda Potts ("Potts") appeals from the judgment of the trial court granting summary judgment for Respondent City of St. Louis ("City") on her claim for damages suffered after a fall on a city sidewalk. The trial court found that Potts did not provide the City adequate notice of her injuries as required by Section 82.210,[1] which defeated her claim. Potts contends that the notice she provided the City substantially complied with the statute's notice requirements. Because we cannot conclude on the facts provided that Potts's notice was deficient as a matter of law, we reverse the judgment of the trial court and remand for a hearing under the procedure prescribed by Travis v. City of Kansas City, 491 S.W.2d 521, 523–24 (Mo. banc 1973).

---

[1] All statutory references are to RSMo (2000).

Factual and Procedural History

Potts severely injured her right foot during a fall on a city sidewalk.  Pursuant to Section 82.210, Potts's attorney sent a letter to the Mayor of St. Louis, within the statutory timeframe, stating in part:

> This letter is written pursuant to §82.210 R.S.Mo., §77.600 R.S.Mo. and all other Missouri Statutes and is to place the City of St. Louis on notice of its responsibility for injuries sustained by Rhonda Potts on June 14, 2013.  Ms. Potts was injured when she fell on the sidewalk/curb area outside of St. Louis Loan and Jewelry located at 2906 Union Blvd. in the City of St. Louis.  It is the position of my client that the City of St. Louis is responsible for the damage she has suffered as a result of the above incident.  It is her intention to assert a claim for said damages against the City of St. Louis.

Over a year later, Potts sued the City to recover damages for her injuries.  Potts's petition alleged that she sustained severe injuries when she tripped and fell on an allegedly uneven city sidewalk.  The City raised as an affirmative defense Potts's failure to comply with Section 82.210, contending that she did not provide adequate written notice of her injuries within the required statutory timeframe.

After substantial discovery, the City moved for summary judgment on its affirmative defense of ineffective notice.  The City argued that Potts's notice was deficient because it failed to describe the circumstances of her injury in that the letter did not inform the City of any defective condition on or near the city sidewalk.  The City asserted in its Statement of Uncontroverted Material Facts that the population of the City of St. Louis exceeded 100,000 inhabitants, that Potts's petition alleged that her injuries were caused by the defective condition of a city sidewalk, and that Potts's Section 82.210 notice did not describe the dangerous or defective condition of the city sidewalk.  In addition to other attachments, the City included affidavits in its motion for summary judgment from a legal investigator and a street inspector involved with Potts's case.  The affidavit of the legal investigator stated that the City received

2

Potts's notice, that Potts refused to provide a statement in the claims process, and that the legal investigator was unable to determine if the City was liable for Potts's claim. The affidavit of the street inspector stated that he inspected the sidewalk at 2906 Union Boulevard after Potts filed her petition, and he was unable to determine the cause of her fall. The reasons for the inability of the legal investigator to determine the City's liability on Potts's claim and the inability of the street inspector to ascertain the cause of Potts's injury were not included in the City's Statement of Uncontroverted Material Facts.

Potts countered that the liberal requirements as to the contents of the notice were satisfied because the letter naturally pointed investigators to the precise location of the city sidewalk in front of 2906 Union Boulevard. Potts asserted as an additional uncontroverted material fact that the City sent her attorney a letter denying liability for her injuries.

The trial court granted summary judgment for the City, finding that Potts's letter did not provide the City with adequate notice of the circumstances of her injury as required by statute, and was therefore a bar to her claim. Specifically, the trial court determined that the notice informed the City that it was responsible for the injury Potts suffered "when she fell on the sidewalk/curb area, but the city was not advised of the circumstances of the fall, such as she fell because of the defective condition of the city's sidewalk, or because she was hit by the fire department while it was answering a call, or because a city employee punched her in the nose." As a result, the trial court reasoned that the City would not know if it should inspect the sidewalk, interview the fire department, or interview violent city employees. The trial court concluded, "[T]he notice fails to point the city in the right direction. (Although most sensible people would be able to make a pretty good assessment as to the most fruitful place to begin.) And so it is inadequate."

3

Accordingly, the trial court entered summary judgment in favor of the City on Potts's claim. This appeal follows.

## Points on Appeal

In her sole point on appeal, Potts argues that the trial court erred in entering summary judgment in favor of the City because she provided sufficient notice to the City of her claim as required by Section 82.210, in that her letter adequately described the circumstances of her injury.

## Discussion

### A. Standard of Review

The decision to grant summary judgment is a question of law and, therefore, is reviewed de novo. Highfill v. Hale, 186 S.W.3d 277, 280 (Mo. banc 2006) (citing ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993)). Summary judgment is proper where the movant establishes that there is no genuine dispute as to the material facts and that the movant is entitled to judgment as a matter of law. ITT Commercial Finance Corp., 854 S.W.2d at 378. A defending party asserting a motion for summary judgment may establish a right to judgment by showing "that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense." Id. at 381. Once the right to summary judgment is established, the non-movant must demonstrate "that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." Id. This Court will view the record in the light most favorable to the party opposing summary judgment. Id. at 376. We will also draw all reasonable inferences in favor of the non-movant. Id.

4

B.    Adequacy of Notice

Section 82.210 provides:

> No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, *on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city,* until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city. (Emphasis added)

Accordingly, the plain language of Section 82.210[2] contemplates that a claimant asserting a defect in a city sidewalk should provide written notice to the mayor of the city within ninety days of the occurrence of the claimant's injury. The requirements as to the timing, form, and presence of notice are a condition precedent to a suit and substantial compliance will not suffice. See Williams v. City of Kansas City, 782 S.W.2d 64, 67 (Mo. banc 1990). The plain language of Section 82.210 also contemplates that the content of the notice should include the following: (1) where the injury occurred, (2) when the injury occurred, (3) the character and circumstances of the injury, and (4) that the person injured will state a claim for damages against the city. Unlike the obligations relating to the timing, form, and presence of notice, the requirements pertaining to the content of the notice "must be construed strictly against the municipality and liberally in favor of [the claimant] with the result that substantial compliance is sufficient." See Kirkpatrick v. City of Glendale, 99 S.W.3d 57, 60 (Mo. App. E.D. 2003) (citing Jones v. City of Kansas City, 643 S.W.2d 268, 269 (Mo. App. W.D. 1982)).

---

[2] There are four notice-of-claim statutes: Section 77.600 (applicable to third class cities); Section 79.480 (applicable to fourth class cities); Section 81.060 (applicable to special charter cities with a population of 500 to 3,000 inhabitants); and Section 82.210 (applicable to cities with a population of at least 100,000 inhabitants). Findley v. City of Kansas City, 782 S.W.2d 393, 394 FN1 (Mo. banc 1990). Although Section 82.210 applies to the City because of its population size, we cite to cases interpreting these other notice-of-claim statutes as they contain the same requirements for a notice's content.

5

The City has the burden of demonstrating ineffective notice under the circumstances. See Robinson v. City of Kansas City, 451 S.W.3d 315, 318–19 (Mo. App. W.D. 2014). If the City is unsatisfied with the adequacy of the content of the notice and contends that the notice's content did not substantially comply with Section 82.210, the proper procedure for the City to follow is to request the trial court for a Travis hearing. See Kieffer v. City of Berkeley, 508 S.W.2d 295, 296–97 (Mo. App. E.D. 1974). See, e.g., Jones, 643 S.W.2d at 269.

In Travis, the claimant's notice to the city incorrectly stated, by five days, the date that the claimant suffered injuries. 491 S.W.2d at 522. The Travis court rejected a requirement of strict adherence to Section 82.210 as to contents of the notice, and it determined that substantial compliance with Section 82.210 would suffice with the result that the five-day variance between the notice and the evidence was not *necessarily* fatal. Id. at 523–24. To determine the question of substantial compliance, the Travis court remanded, with the instruction that if "the municipality believes that the content of the notice as to time of injury (or other matters) was so misleading as to have affected its legitimate right to fully investigate the occurrence and that its ability to defend against the claim has thus been limited or prejudiced, such facts should be presented to the trial court. Thereafter, a ruling as to whether or not the notice met the intent and purpose of the statute could be made after a hearing thereon." Id. at 524.

The Supreme Court of Missouri in Lewis v. City of Marceline further clarified Travis. 934 S.W.2d 280, 282–83 (Mo. banc 1996). In Lewis, the claimant's notice stated "that she also fell in a hole in front of her house at 227 N. College back in May of 1990 damaging her ankle." Id. at 281. In interpreting Travis, the court stated that the notice must be "sufficiently certain and definite that, with the assistance of the notice, the city officers may make an investigation and ascertain the truthfulness or the falsity of the statements contained in the notice." Id. at 282

6

(citing Travis, 491 S.W.2d at 523). Accordingly, if the municipality contends that the content of the notice was so misleading and deficient as to have affected its ability to exercise its right to investigate the occurrence, and its ability to defend against the claim is limited or prejudiced as a consequence of the content of the notice, it must present these facts to the trial court. Id. (citing Travis, 491 S.W.2d at 523).

Applying Travis, the Lewis court found that the notice did not fail as a matter of law to describe the place where the injury occurred and the character and circumstances of the injury. Id. at 282. Instead, the court stated that the city, on remand, may request the trial court to conduct a Travis hearing on the sufficiency of the notice. Id. At a Travis hearing, the trial court should determine "whether the facts provided by [claimant] allowed the City officers to make an investigation and ascertain the truthfulness or falsity of the statements contained in the notice." Id. at 282–83 (citing Travis, 491 S.W.2d at 523). Additionally, the trial court should determine "whether the content of the notice was so misleading as to have affected the City's right fully to investigate and whether its ability to defend against [claimant's] claim was limited or prejudiced as a consequence of the content of the notice." Id. at 283 (citing Travis, 491 S.W.2d at 524).

On appeal, Potts argues that the notice she provided to the City sufficiently described the circumstances of her injury as to comply with the liberal notice requirements in that the letter provided sufficient information to enable city officers to make a full investigation of the incident. The City, in contrast, maintains that Potts's letter is facially deficient and is similar to the insufficient notices provided to the respective cities in Lyons v. City of St. Joseph, 87 S.W. 588 (Mo. App. W.D. 1905) and Quinn v. Graham, 428 S.W.2d 178 (Mo. App. S.D. 1968).

In Lyons, the claimant's notice to the city provided that "[s]aid injuries were sustained by me while walking upon the sidewalk of said city at the intersection of Dewey avenue and Louis

7

street . . ." 87 S.W. at 588. In finding the notice insufficient, the court determined that it presented no information as to the circumstances of the claimant's injury because "people are injured from so many different causes while walking upon sidewalks that the attention of the city cannot be said to have been directed to any particular one." Id. at 589.

In Quinn, the notice at issue stated, "[W]hile walking on the sidewalk located on Chestnut Street just West of the intersection of Chestnut Street and River Road, [the claimant] slipped causing her to immediately fall violently upon the sidewalk." 428 S.W.2d at 180. In finding that the notice was insufficient to both describe the circumstances of the claimant's injury and the location of the incident, the court stated that the record was "wholly void of any reference to or suggestion that any defect or negligent act of the city caused or produced the fall 'upon the sidewalk.'" Id. at 185–186.

Relying on Lyons and Quinn, the trial court ruled that Potts's notice did not inform the City of its misdeed or wrongful act that provided a basis for her claim, and so therefore the notice was inadequate as a matter of law. However, we note that Travis, rather than Lyons or Quinn, provides the proper framework for analyzing the sufficiency of Potts's notice. See Lewis, 934 S.W.2d at 282 (declaring that the trial court should have relied upon Quinn "only to the extent it does not conflict with the test expressed in Travis."). Under Travis, we cannot conclude on the facts provided that Potts's notice was deficient as a matter of law.

Potts's letter to the Mayor of St. Louis provided the date and location of her incident, as well as her intention to state a claim against the City for damages. Potts's notice also identified that she personally suffered injuries and that she sent the notice pursuant to Section 82.210 and other Missouri statutes requiring notice to the City of her claim. In regards to the circumstances

8

of Potts's injury, the letter provided that she "was injured when she fell on the sidewalk/curb area."

The trial court reasoned that Potts's notice did not inform the City whether her injury was due to the defective condition of a city sidewalk, due to the negligent operation of a city firetruck, or due to an assault by a violent city employee. Section 82.210, by its plain language, only applies to "injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare"[3] of a city. Because Potts's letter declared it was to serve as notice pursuant to Section 82.210 and other notice-of-claim statutes, the letter necessarily implies that Potts's injury was the result of a "defect" or "unsafe condition." Here, Potts's notice specified that she sustained injuries after a "fall on a sidewalk/curb," and thus her notice informs the City that the defective or unsafe condition of the "sidewalk/curb area" injured Potts outside of 2906 Union Boulevard.

As a result, Potts's notice, albeit potentially vague and misleading, provides *some* information pertaining to the circumstances of her injury. Notices that are factually incorrect, are vague and indefinite, or are partially incomplete *may* be sufficient to notify the City under Travis. See Lewis, 934 S.W.2d at 282–83; Kirkpatrick, 99 S.W.3d at 60 (reversing summary judgment when the city did not show it was prejudiced by the claimant's failure to include an express claim for damages in his notice). See, e.g., Jones, 643 S.W.2d at 269–70. However, the trial court must make this determination after conducting an evidentiary hearing. Lewis, 934 S.W.2d at 282–83. We are unwilling to hold, as a matter of law, that Potts's notice was so vague or indefinite as to deprive the City of effective notice and prejudice its ability to defend against Potts's claim, without an actual showing of those facts to the trial court. Indeed, the trial court

---

[3] Sections 77.600, 79.480, and 81.060 require notice for "any injuries growing out of any defect or unsafe condition of or on any bridge, boulevard, street, sidewalk or thoroughfare in said city."

9

seems to suggest as much with its observation that although the notice failed to point the city in the right direction — "most sensible people would be able to make a pretty good assessment as to the most fruitful place to begin."

The record also shows that the City did not provide the trial court with any uncontroverted material facts establishing that the content of Potts's notice was so vague or misleading as to hinder, prejudice, or limit the City's investigation of her claim in any way. The affidavits provided by the City in support of its motion for summary judgment contain very brief assertions that a legal investigator and a street investigator were unable to determine the liability of the City or the cause of Potts's fall. Neither of these affidavits suggest that the City was unable to investigate Pott's claim due to inadequate notice—but only that they were unable to determine if the City could be liable. We further note that the City did not include these claims in its Statement of Uncontroverted Material Facts. Even if not controverted by the evidence provided by Potts, these specific factual allegations were contested by the parties. In determining if a party establishes a right to judgment as a matter of law, we will not rely on as "undisputed" such material facts that are not identified in a statement of uncontroverted material facts. See Metro. Nat'l Bank v. Commonwealth Land Title Ins. Co., 456 S.W.3d 61, 67–68 (Mo. App. S.D. 2015); Syngenta Crop Prot., Inc., v. Outdoor Equip. Co., 241 S.W.3d 425, 428–29 (Mo. App. E.D. 2007). Further, the affidavits provided by the City require us to draw an inference in its favor that Potts's notice impeded the ability of the City to effectively investigate her claim. While a trial court may reasonably draw such an inference following an evidentiary hearing, such an inference could not be properly drawn in the underlying summary judgment proceeding given the record before us.

When some form of written notice is provided to the mayor during the statutory timeline, courts have ruled that the provided notice substantially complied with the notice-of-claim statutes absent a showing of prejudice to the municipality. See, e.g., Lewis, 934 S.W.2d at 282; Kirkpatrick, 99 S.W.3d at 60; Jones, 643 S.W.2d at 270.

The municipality may challenge the notice as statutorily deficient, and the proper forum to resolve that challenge is a Travis hearing. We are not persuaded that the summary judgment proceedings met the requirements of the Travis hearing as clarified by the Supreme Court in Lewis. A Travis hearing would provide Potts the opportunity to inquire of the street inspector or city investigator how Potts's letter affected their ability to investigate the occurrence and defend against Potts's claim. Critically, the record before us reveals that such an inquiry did not occur in the summary judgment proceedings.

Accordingly, we remand to the trial court for an evidentiary hearing on whether the content of Potts's notice was so vague or misleading that it affected the City's right to fully investigate the occurrence and thereby prejudiced or limited the ability of the City to defend against her claim.

## Conclusion

The judgment of the trial court is reversed, and we remand for a Travis hearing and other action consistent with this opinion.

_____
KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr. J., concurs.

11