

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| RACHEL SENDER, | ) | ED110898 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | #1922-CC10843 |
| | ) | |
| CITY OF ST. LOUIS, | ) | Honorable Joan L. Moriarty |
| | ) | |
| Respondent. | ) | Filed: April 18, 2023 |

Rachel Sender (Appellant) appeals from the trial court's judgment granting the City of St. Louis's (Respondent's) motion to dismiss her Petition based on improper notice pursuant to Section 82.210, RSMo 2016.  We reverse and remand.

## Background

On August 12, 2018, Appellant wrecked her bicycle on the southwest corner of the Forest Park bike path in the City of St. Louis.  On October 11, 2018, she provided notice of her injury to Respondent.  Specifically, the notice stated in a letter that Appellant "suffered a broken clavicle, concussion and other injuries on/near South West corner, Forest Park Bike Path in St. Louis City, MO when she encountered a defect in the road on August 12, 2018 at approximately 10:12 am."

On October 29, 2018, Respondent's legal investigator, John Ruzicka, sent Appellant a letter acknowledging her claim and requesting further information, specifically her birth date,

social security number, medical records, photographs and police report. On October 31, 2018, Appellant responded with the requested information as well as photographs of the bike path.

In a letter dated March 20, 2019, Respondent informed Appellant it would not accept liability for her claim because her letter dated October 10, 2018, failed to adequately identify the location of the alleged incident with any certainty, and Respondent "has not been able to conduct its own complete, thorough investigation to your claim." At that point, Appellant provided further information, including Garmin data and maps marking the location of the incident.

Appellant filed a Petition on July 11, 2019, alleging negligence – premises liability (Count I) and negligence – personal liability (Count II). She alleged her injuries were sustained when she "encountered a defective and dangerous condition on the bicycle path," specifically a pothole at the southwest corner of Forest Park, and "the pothole in that portion of the street created a reasonably foreseeable risk of harm of the kind of injuries sustained by Appellant."

Respondent filed a motion to dismiss Counts I and II of Appellant's Petition and requested a *Travis* hearing[1] claiming the content of the notice was deficient, specifically because Appellant failed "to adequately describe the location of her injury," which affected Respondent's "legitimate right to fully investigate the occurrence and has limited or prejudiced its ability to defend against [Appellant's] claim." Appellant filed a motion to strike Respondent's motion to dismiss Counts I and II and request for a *Travis* hearing, opposing the *Travis* hearing and claiming the bicycle path was not contemplated in the statute, and the location was sufficiently provided in her notice. In a July 12, 2021 order, the circuit court denied Appellant's motion to

---

[1] If a municipality contends that the content of the notice was so misleading and deficient as to have affected its ability to exercise its right to investigate the occurrence, and its ability to defend against the claim is limited or prejudiced as a consequence of the content of the notice, it must present these facts to the trial court. *Potts v. City of St. Louis*, 499 S.W.3d 388, 392 (Mo. App. E.D. 2016) (citing *Travis v. City of Kansas City*, 491 S.W.2d 521, 523-24 (Mo. banc 1973).

strike because it went beyond the mere sufficiency of the pleading and attacked the merits of the affirmative defense, thus, making the motion to strike improper. On February 17, 2022, the circuit court conducted a *Travis* hearing to determine the sufficiency of Appellant's notice pursuant to Section 82.210. *Travis v. Kansas City*, 491 S.W.2d 521 (Mo. banc 1973).

Mr. Ruzicka stated that he was not familiar with the Forest Park bike path and the notice letter of October 10, 2018, did not give him enough detail to go take a look at the property and defect. He testified that he did nothing to investigate the claim between the initial October 2018 letter and the time Appellant sent an offer-to-settle letter in February 2019. When asked why he waited until the March 20 letter to tell Appellant the description in the notice was insufficient, Mr. Ruzicka testified, "Well, obviously in hindsight I probably should have contacted you sooner, but a lot of times on injury claims I rely on attorneys to provide additional information regarding their claim before I go forward."

The court entered its Order and Judgment on April 12, 2022, granting Respondent's motion to dismiss Appellant's Petition with prejudice. The court found the description in the notice did not provide Mr. Ruzicka with any certainty to complete his investigation because it was too vague. The court summarized:

> In summary the notice directs the City to find a defect over a two-mile area (1/4 of the 8-mile bike path) and covering the entire area of the southwest corner of the park on/near the bike path. The Notice letter dated October 10, 2018 was the only notice received by the defendant within the 90 day notice period.

The Order and Judgment concluded that the notice "did not substantially conform with the intent and purpose of § 82.210," and "the content of the notice related to the location of the alleged injury is so misleading that it affected the City's ability to fully investigate and its ability to defend against the claim or was prejudiced."

This appeal follows.

3

**Discussion**

Appellant raises two points on appeal. First, she alleges the circuit court erred in granting Respondent's motion to dismiss because Respondent failed to establish that the notice was insufficient. Second, Appellant contends the circuit court erred in improperly including a recreational, closed-circuit bike path in the list of enumerated properties contained in Section 82.210 for which notice of a claim is required.

Because compliance with the notice provision is required only if Section 82.210's list of enumerated properties includes the closed-circuit bicycle path where Appellant was injured, we begin with an analysis of Appellant's Point II.

Point II

Appellant's second point alleges the circuit court erred by improperly expanding the list of enumerated properties contained in Section 82.210 to include a recreational, closed-circuit bicycle path for which notice of a claim is required.

*Standard of Review*

"To preserve an issue for appellate review, the *appellant* is required to raise that issue with the trial court below to give it an opportunity to take remedial action." *State v. Ramires*, 152 S.W.3d 385, 397 (Mo. App. W.D. 2004) (emphasis in original). Although Appellant did not argue this issue during the *Travis* hearing, she did assert this argument in writing opposing Respondent's request for a *Travis* hearing and motion to dismiss, as well as in her motion for reconsideration of the judgment. Thus, the argument is preserved for appellate review. We review a challenge to the trial court's interpretation of a statute de novo. *Dodson v. Ferrara*, 491 S.W.3d 542, 551 (Mo. banc 2016).

4

*Analysis*

For starters, we consider the plain language of Section 82.210 itself:

> No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any *injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare* in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

(emphasis added).

In its January 10, 2022 order, the court granted a *Travis* hearing, finding, "While a bicycle path is not specifically enumerated in §82.210, it is reasonably considered a 'thoroughfare' in the context and purpose of the statute as it is part of the continuous design and unobstructed way to direct public traffic." The court cited *Henson v. City of Springfield*, 524 S.W.3d 142, 148 (Mo. App. S.D. 2017), and *Williams v. Kansas City*, 782 S.W.2d 64, 66 (Mo. 1990). Further, the court found the *Travis* hearing was appropriate because "[Respondent] contends the notice was so deficient to deny it the ability to investigate and defend itself in this matter."

We analyze the statute in the context of the parties' arguments. Respondent correctly argues the Missouri Supreme Court's opinion in *Williams*, 782 S.W.2d at 66, which held that notice was required under Section 82.210 when a plaintiff was injured on "steps" that were determined to be part of a sidewalk and a thoroughfare, yet not specifically listed in the municipal notice statute. In *Williams*, the court similarly analyzed the notice statute by beginning with a discussion of the legislative intent:

> The list of defective property for which the Section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their

5

proprietary nature. The statutory list, then, is the product of the legislature's desire to limit the liability of municipalities in the face of the general liability imposed upon a municipality by the common law.

*Williams*, 782 S.W.2d at 65.

The *Williams* court looked at the description and photographs of the steps at issue and found they descended from a sidewalk onto a sidewalk and into a parking lot, which were "[a]ll part of a continuous design to direct public, pedestrian traffic from the terminal to the parking lot." *Id.* at 66. Thus, "[e]ach separately named item—the marked walkway, the sidewalk, the steps, and the sidewalk—is part of "a walk for foot passengers. . . ." Webster's Third New International Dictionary 2113 (1976) (defining sidewalk)." *Id.* But the *Williams* Court continued its analysis to find the sidewalk *also* fell within another item listed to which the notice requirements of Section 82.210 applied based on the word "thoroughfare." *Id.* Upon considering Webster's Third New International Dictionary (1976) definition of "thoroughfare" as "a way or place through which there is a passing . . . an unobstructed way open to the public," the Court held the steps in question were indeed part of an unobstructed way through which there is a passing from the terminal building to the parking lot and must be part of a thoroughfare. *Id.*

In contrast, Appellant relies on *Jones v. City of Kansas City*, 15 S.W.3d 736 (Mo. banc 2000). The *Jones* court stated it was constrained to read Section 82.210 narrowly and declined to expand the list of properties in Section 82.210 to include a defective traffic sign in the definition of "street." *Id.* at 738. In *Henson v. City of Springfield*, the Southern District discussed both *Williams* and *Jones* in determining whether the notice provision of Section 82.210 applied to an injury that occurred when the plaintiff fell in a water meter hole located in a "grassy/dirt berm near or adjacent to the street." After reviewing the caselaw, the court rejected the construction of "thoroughfare" in Section 82.210 to include the grassy/dirt berm in question. The *Henson* court

6

distinguished the facts and found even with a narrow reading from *Jones*, the term "thoroughfare" in Section 82.210 defined as "'an unobstructed way open to the public' that is 'part of a continuous design to direct public, pedestrian traffic from' one location to another," was still a "far cry from a grassy/dirt berm located between a street and a sidewalk that is not part of any design to direct public, pedestrian traffic and is only walked on when a member of the public finds the berm to be a convenient route of travel." *Id.* at 148. The court reasoned that "all greenspace in every city park or other city owned property would be a thoroughfare" if its only criteria was "an unobstructed way through which there is a passing from" one location to another. *Id.*

We find Appellant's contention that a bike path is not a passage from one location to another but ends in the same spot where it begins to be unpersuasive. We note that Appellant makes reference to the same path as a "street" and a "road" in other instances, which undeniably begin and end where the traveler may go from one point to another and need not start and end in the same location. Moreover, the courts' analyses of "thoroughfare" in *Williams*, *Jones*, and *Henson* provide insight into the legislature's intent to include "publicly maintained exterior improvements designed to facilitate travel," even with a narrow construction so as not to stray from the "continuous design to direct public, pedestrian traffic from one location to another." Accordingly, we find the paved bike path here is unlike a street sign or a grassy/dirt berm and falls within the enumerated property, "thoroughfare," as an improvement facilitating the travel of pedestrian traffic; thus, requires a notice of claim pursuant to Section 82.210. Appellant's second point is denied.

## Point I

Having determined that notice was required for a claim of injury occurring on a bike path, we next consider Appellant's Point I, which alleges the circuit court erred in granting Respondent's motion to dismiss Appellant's Petition because Respondent failed to establish that Appellant's notice pursuant to Section 82.210 was so misleading that it affected Respondent's ability to fully investigate the claim, or that its ability to defend against the claim was prejudiced as a consequence of the content of the notice.

### *Standard of Review*

The standard of review for court-tried cases is applicable here under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), whereas the decision of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *See Jones v. City of Kansas City*, 643 S.W.2d 268, 270 (Mo. App. W.D. 1982). However, each *Murphy* ground is proved differently, and, where a misapplication of the law is asserted, the review is de novo. *Smith v. Great Am. Assur. Co.*, 436 S.W.3d 700, 704 n.3 (Mo. App. S.D. 2014).

A *Travis* hearing is a unique procedure whereby an evidentiary hearing is used to determine if Appellant's notice was adequate, but its conclusion here ultimately guided the court's decision in granting its motion to summarily dismiss the case. With our primary focus on the sufficiency of the notice, we review this determination as an assertion of misapplication of law in a court-tried case. We accept as true the evidence and reasonable inferences in favor of the prevailing party and disregard the contrary evidence. *State v. Ent. Ventures I, Inc.*, 44 S.W.3d 383, 385 (Mo. 2001).

*Analysis*

Under Section 82.210, notice to the city's mayor must be "sufficiently certain and definite that, with the assistance of the notice, the city officers may make an investigation and ascertain the truthfulness or the falsity of the statements contained in the notice." *Potts v. City of St. Louis*, 499 S.W.3d 388, 392 (Mo. App. E.D. 2016). "The requirements as to the timing, form, and presence of notice are a condition precedent to a suit and substantial compliance will not suffice." *Id.* at 391. However, "the requirements pertaining to the *content* of the notice 'must be construed strictly against the municipality and liberally in favor of [the claimant] with the result that substantial compliance is sufficient." *Id.* at 391-92 (emphasis added) (citing *Kirkpatrick v. City of Glendale*, 99 S.W.3d 57, 60 (Mo. App. E.D. 2003) and *Jones v. City of Kansas City*, 643 S.W.2d 268, 269 (Mo. App. W.D. 1982)). Even notices that are factually incorrect, vague and indefinite, or are partially incomplete may be sufficient to notify a municipality under *Travis*. *Potts*, 499 S.W.3d at 394 (citing *Kirkpatrick*, 99 S.W.3d at 60 (reversing summary judgment when the city failed to show it was prejudiced by the claimant's failure to include an express claim for damages in his notice). Absent a showing of prejudice to the municipality, courts have ruled that some form of written notice provided to the mayor during the statutory timeline substantially complied with the notice-of-claim statutes. *See, e.g., Lewis*, 934 S.W.2d at 282; *Kirkpatrick*, 99 S.W.3d at 60; *Jones*, 643 S.W.2d at 270. "A plaintiff's failure to comply with section 82.210 is an affirmative defense." *Henson v. City of Springfield*, 524 S.W.3d 142, 145 (Mo. App. S.D. 2017).

*Kirkpatrick v. City of Glendale* is instructive. This Court reversed the trial court and remanded the case when it found the content of the plaintiff's notice substantially complied with the statute because there was no evidence that the plaintiff's failure to indicate he was seeking

9

damages in the written notice to the city hindered the city's ability to fully investigate the occurrences and prepare a possible defense. 99 S.W.3d 57, 60 (Mo. App. E.D. 2003).

Appellant argues her notice directed Respondent to an approximate location on a specific, narrow pathway, and provided photographs of the defect, and then it was Respondent's duty to "arm themselves with such notice, and with the assistance of its light, make an investigation." *See Travis*, 491 S.W.2d at 523. Appellant contends that Respondent chose not to investigate the claim, chose not to inform Appellant that the description of the location was too vague despite seeking other additional information after receiving the notice, and chose to wait until after the statutory deadline to provide sufficient notice had passed to deny Appellant's claim.

Although caselaw does not clarify the exact duties required to make an investigation once notice is received, *Travis* makes clear that notice need not be "so certain and definite in terms as to notify the city officers with such precision that they may with perfect confidence rely upon the correctness of the notice," but the legislative intent was not "to defeat, by a mere technicality, a righteous cause of action to recover damages for an injury caused by the negligence of the city, and not that of the injured party." 491 S.W.2d at 523. The above cases demonstrate the spirit of *Travis* is to give the municipality a starting point to investigate, not a means to try its case.

Here the evidence demonstrates that Respondent's "investigation" began when it immediately sent Appellant its October 29, 2018 letter requesting additional information, including Appellant's birth date, social security number, medical records, photographs and police reports. Respondent's employee, Mr. Ruzicka, admitted that in hindsight he should have contacted Appellant sooner than his March 20, 2019 letter stating that the city did not have enough information to identify the location of the accident.

10

We find the trial court misapplied the law in determining Mr. Ruzicka was unable to conduct an investigation based on the less-than-specific notice provided by Appellant and Respondent was prejudiced by the inadequacy. To defeat this cause of action by summary judgment based on inadequate notice would defy the legislature's intent to prepare city officers and make an investigation, whether that be asking further questions or surveying the land. While the law does not dictate the requirements of the investigation, we are certain that an unreasonable attempt to investigate does not suffice and cannot thereby prejudice the injured party giving notice of her claim.

We find the trial court erred in finding the notice provided by Appellant did not substantially conform with the intent and purpose of Section 82.210 and that the content of the notice related to the location of the alleged injury was so misleading that it affected Respondent's ability to fully investigate and defend against the claim or was prejudiced. Thus, the trial court erred in dismissing Appellant's petition based on her notice pursuant to Section 82.210. Point I is granted.

## Conclusion

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

_____
Renée Hardin-Tammons, J.

Thomas C. Clark, II, P.J. and
James M. Dowd, J., concur.

11